## *Ex Parte* RICHARD DICK.

a order to subject a convict to additional punishment, under *St.* 1817, *c.* 176, § 5, 6 (since repealed,) it was sufficient that the crime for which he was about to be sen tenced was one punishable by confinement to hard labor for a term of years, but in regard to a former conviction, it must have been one upon which he was actually sentenced for a term of years, that is, a period not less than two years.

WRIT of certiorari.

*June 21st.* SHAW C. J. delivered the opinion of the Court. The object of this process is to revise the judgment of this Court, at the term in Middlesex, 1819, whereby Richard Dick was sentenced to the State prison, for life, upon an information filed by the Attorney General, to have an additional penalty awarded, as upon a third conviction, pursuant to the provisions of *St.* 1817, *c.* 176, § 6. It appears by the judgment on that information, that the respondent, on being called upon to plead, admitted the truth of the facts set forth in the information, that is, in effect pleaded guilty, and judgment appears to have been entered as of course, without any defence being made, or the question of law considered. If, therefore, according to the true construction of the statute, the convict was not liable upon the case stated in the information, to such additional punishment, it is now within the jurisdiction of the Court to inquire into the regularity of this judgment, and under the circumstances, if found erroneous, it ought to be reversed.

It appears by the record, that Dick was first convicted at the Municipal Court, February 1814, for a larceny, upon which he was sentenced to five days' solitary imprisonment, and confinement to hard labor for the term of one year.

The second conviction was had at the Municipal Court, July 1817, for larceny, on which he was in like manner sentenced to five days' solitary imprisonment, and one year to hard labor.

The third conviction was also at the Municipal Court, April 1819, for an aggravated larceny, upon which he was sentenced to twenty days' solitary imprisonment, and to hard labor for the term of four years.

The Court are therefore now called upon to determine, whether the two prior convictions were such, as to subject the

convict, on his third conviction, to the additional punishment under the statute of 1817.

This statute, § 5, provides, that whenever any person who shall be convicted of any crime, the punishment whereof shall be, by law, confinement to hard labor for any term of years, shall have been before sentenced to a like punishment, by any court of this or any other of the United States, he shall be sentenced to solitary imprisonment not exceeding thirty days, and confinement to hard labor not exceeding seven years, in addition, &c., and in case such convict shall have been before twice convicted and sentenced in manner aforesaid, he shall be punished by confinement to hard labor for life.     Then, after a preamble reciting, that it may be often unknown to the prosecuting officer and the grand jury, at the time of an indictment found, that the accused has been so convicted before, and the additional punishment cannot be then awarded, to prevent the convict from escaping from this penalty, it goes on to provide, that upon the representation of the warden or any director of the State prison, the attorney or solicitor general shall file an information before the Supreme Judicial Court, under which the additional sentence may be awarded.     This jurisdiction was afterwards transferred to the Municipal Court.

It is manifest that the primary intention of the statute was to award the additional punishment as a punishment for the second or third offence respectively, considering such second or third offence as a more aggravated crime, and deserving of severer punishment, on account of the character of the accused, as a convicted offender ; that such punishment is to be awarded as the punishment of that single offence, by the court before whom such conviction is had, and it is only when it is not known, and cannot be brought to the judicial notice of that court, that a subsequent and distinct process by information is to be had.     The court before which such proceeding by information is had, will therefore adopt precisely the same rule, and pronounce the same judgment, which the court would have done, before whom the third conviction was had, in case the two prior convictions had been stated in the indictment and found by the verdict, so as to stand as part of the record, upon which that court was called on to pronounce its judgment.

The question is then, whether the two first convictions and sentences, in the case before us, were those contemplated by the statute, so that this convict, when called up to be sentenced for a crime, the punishment whereof is confinement to hard labor for a term of years, ought to be sentenced for life. This depends upon the construction of the terms, " sentenced to a like punishment." In the case of *Seymour*, decided at the present term, (ante, *p.* 40,) we gave our reasons for the opinion, that the designation of crimes as punishable by hard labor for a term of years, was intended to describe the more aggravated crimes, in contradistinction from minor offences punishable by shorter terms of confinement to hard labor. But in estimating the character of crimes, as to aggravation, there is a manifest difference between the case of the offence, upon which the party stands convicted, and upon which sentence is now to be passed, and the case of former convictions, upon which sentence has been passed. Before sentence, the criminal nature and character of the offence is to be judged by the degree of punishment which the law denounces against it ; but after sentence, the criminality of the party will be estimated by the degree of punishment actually inflicted. We think therefore, to bring the case within the statute, it is sufficient that the crime, upon which the party is to be sentenced, is one punishable by confinement for a term of years ; but that in regard to the former convictions, they must be those, upon which the party was actually sentenced for a term of years. There is a vast latitude in the degree both of guilt and of pun ishment, in respect to crimes coming under the same denomination, and punishable by the same provision of law. Take the case of felonious assault, for instance, which, in point of guilt, may vary, from an almost venial act, and one which some would even regard as meritorious, to an act, the perpetrator of which is saved by mere accident only, from the guilt of an atrocious murder. The punishment in like manner varies from confinement to hard labor, for the shortest possible time, to twenty years, at the discretion of the court. *St.* 1818, *c.* 124. It would be unreasonable to suppose that the law. after sentence, meant to treat all cases alike in point of aggra-

vation, where courts, entrusted with great latitude of discretion, for the very purpose of adapting the degree of punishment to the degree of criminality, have, upon all the circumstances of each case as disclosed on trial, varied in those punishments, from twenty days to twenty years. It appears to us that the law meant to avail itself of this obvious distinction ; in regard to the crime upon which no sentence has been yet pronounced, it is to be estimated by the length of time, for which it is by law punishable, but in regard to the actual guilt of the offender, in a particular case upon which he has been tried and punished, it may be best measured by the sentence of a competent court, having all the facts of his case before it, and bound to exercise its judgment with special reference to those facts.

And we think the literal construction of the statute leads to the same result. It was argued that the words " sentenced to a like punishment" merely meant punishment of like kind, punishment by confinement to hard labor. But we think this wholly inadmissible. Time enters most essentially into the nature and degree of the punishment, and constitutes its distinguishing character, so far as it is expressive of the degree of aggravation. We think then, that " sentenced to a like punishment," is equivalent to " sentenced to hard labor for a term of years." This construction is strengthened, if not rendered entirely conclusive, by a provision in the ensuing section. It refers to the case, where the prior conviction was not known at the time of the third conviction, and provides for the process by information, whenever it shall appear that any convict shall have been before "*sentenced* to confinement to hard labor, for term of life or years." The cases for additional punishment are precisely the same, in the two cases, the mode of proceeding only is different. This then seems quite conclusive, not only that the party must before have been sentenced to hard labor, and must have been sentenced upon an offence punishable by hard labor for a term of years, but that he must have been in fact sentenced for a term of years.

As to what is a term of years within the meaning of this statute, it was decided in the case *Ex parte Seymour*, at the

8. *

early part of the present term, that it is a period no less than two years.*

As it appears by the record, that upon his two first convictions, the prisoner Richard Dick was sentenced to confinement at hard labor, in each instance, for one year only, we think, for the reasons stated, that he was not liable to the additional punishment, that the judgment of this Court in Middlesex, at the November term thereof, 1819, against Dick upon the information filed by the attorney-general, is erroneous, and the same is reversed.

*Leland*, for the prisoner.
*Austin*, Attorney-General, for the commonwealth.

Subsequently the prisoner was brought up by *habeas corpus* and discharged.

---

* The law in this respect is now altered, and the offence upon the conviction of which, the additional punishment is to be awarded, must be one, punishable by confinement to hard labor in the State prison for one year or more, and the convict must be one who has been sentenced to a like punishment for a period of not less than one year. *St.* 1833, *c.* 85 § 1 ; Rev. Stat. 909, *Act of Amendment*, § 16, 34.